## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **FRED DEMBSKI,** individually, and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | Hon. |
| *v.* | Magistrate Judge |
| **CLEAR RATE COMMUNICATIONS, INC.,** a Michigan corporation, | **CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| *Defendant*. | |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Fred Dembski ("Dembski" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Clear Rate Communications, Inc. ("Clear Rate" or "Defendant") to stop Clear Rate from violating the Telephone Consumer Protection Act by making unsolicited calls to consumers registered on the National Do Not Call registry, and to other obtain injunctive and monetary relief for all persons injured by Clear Rate's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## INTRODUCTION

1.      Clear Rate was founded in 2001 with their headquarters based in Troy, Michigan. The company provides telecommunications services to clients in the United States. As it pertains to this case, Defendant Clear Rate offers discounted residential phone options with rates that compete with companies like AT&T and Frontier.[1]

2.      In order to sustain its business model, Clear Rate utilizes many marketing methods to attract new customers including telemarketing.

3.      Upon information and belief, Clear Rate acquires lists of consumers that use services that Clear Rate can offer competitive solutions against. In particular, Clear Rate targets consumers that utilize Frontier for their residential phone lines.

4.      Clear Rate calls phone numbers to solicit customers who have not given their consent to receive these calls and many of whom are registered on the National Do Not Call Registry (DNC), In Plaintiff's case, Clear Rate placed 5 unsolicited calls to his landline phone, despite Plaintiff having his phone number registered with the DNC to prevent such calls.

5.      In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease placing calls to consumers' telephone numbers

---

[1] https://www.clearrate.com/company/

2

who are registered on the DNC and have not given consent to receive these calls, as well as an award of statutory damages to the members of the Class.

## PARTIES

6. Plaintiff Dembski is a Grapevine, Texas resident.

7. Defendant Clear Rate is a Michigan corporation headquartered in Troy, Michigan. Defendant conducts business throughout this District, the State of Michigan, and throughout the United States.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does significant business in this District and the state of Michigan, and because the wrongful conduct giving rise to this case occurred in this District.

## COMMON ALLEGATIONS

**Clear Rate Markets its Services by Making Calls to Consumers' Phone Numbers Without Consent and Regardless of Whether They Are Registered on the National Do Not Call Registry.**

10.     There are numerous online complaints from consumers who received unsolicited calls from Clear Rate, including a number of complaints that show a pattern of repeat calling:

- "Received a call from "Harris & Harris" [on caller display] 312-423-7476 saying they were from the phone company Clear Rate and could lower my home phone bill. Told him I wasn't interested and hung up. I'm on the Do Not Call list."[2]
- "received SEVERAL calls from this number over the last few weeks. I asked them to take me off their list, but they still call."[3]
- "Getting sick of these phone calls will file a complaint"[4]
- "This was a recorded message that I received."[5]
- "This number called 5 times in 2 minutes. I didn't answer"[6]
- "The person that called wanted to talk about a phone landline account."[7]
- "stop calling"[8]

11.     Clear Rate owns/operates and/or utilizes many different phone numbers for their telemarketing. The following telephone numbers were used to call Plaintiff Dembski. The telephone number (248) 556-4502 as is seen on their website http://clearrate.com listed as a customer service phone number:

---

[2] https://800notes.com/Phone.aspx/1-312-423-7476
[3] https://findwhocallsyou.com/8452461220?CallerInfo
[4] *id*
[5] https://findwhocallsyou.com/4342137272?CallerInfo
[6] *id*
[7] *id*
[8] http://434-213-7272.callerlocation.net/

4

555 S. Old Woodward, Suite 600 • Birmingham, MI 48009
Customer Service Toll Free (877) 877-4799 • Customer Service Fax (248) 556-4501 • Customer Service Phone (248) 556-4502
www.clearrate.com

[9]

Clear Rate also owns/operates and/or (530) 665-1411 as is seen on WhitePages Premium:



[10]

Upon information and belief, Clear Rate uses (313) 499-3140. This phone number appears to be spoofed, as it cannot be called back.

## PLAINTIFF'S ALLEGATIONS

**Clear Rate Agents Repeatedly Called Plaintiff's Landline Phone Number Without Plaintiff's Consent, Despite Plaintiff Registering His Phone Number on the DNC and Despite Requests For the Calls to Stop**

12.    On May 18, 2018, Plaintiff registered his landline telephone number on the National Do Not Call Registry.

13.    Plaintiff utilizes Frontier as his landline service provider.

14.    On July 4, 2018, Plaintiff received a call on his landline phone number from Defendant using phone number (313) 499-3140. When he answered and was told the company is Clear Rate, Plaintiff told the agent that his phone number is registered with the DNC. The agent replied asking, "Why didn't you tell

[9] https://www.clearrate.com/wp-content/uploads/2014/07/Voice-Mail-Users-Guide.pdf
[10] https://premium.whitepages.com/phone/1-530-665-1411

me?" The agent then continued to try and convince Plaintiff to switch over from Frontier to Clear Rate. Plaintiff told the agent to never call again and then hung up."

15.     Despite telling the agent not to call again, Plaintiff received a second call from Defendant using phone number (248) 556-4502 on July 17, 2018 at 1:08 pm.

16.     Plaintiff received a third call from Defendant, again using phone number (248) 556-4502 on July 18, 2018 at 2:32 pm. Plaintiff was unable to answer this call.

17.     Plaintiff received a fourth call from Defendant, again using phone number (248) 556-4502 on July 19, 2018 at 4:15 pm. Plaintiff answered but heard nothing on the other line.

18.     Plaintiff received a fifth call from Defendant on July 23, 2018 at 5:56 pm using phone number (530) 665-1411. Plaintiff answered and the agent asked for the person responsible for the Frontier phone bill. After listening to the agent's sales pitch, Plaintiff told her that his phone number is registered on the DNC and that he had already told them once before to stop calling. He then ended the call.

19.     Plaintiff does not have a relationship with Clear Rate or any of its affiliated companies, nor has he ever requested that Clear Rate call him or consented to any contact from Defendant.

20. Simply put, Clear Rate did not obtain Plaintiff's prior consent to place a solicitation telephone call to him on his landline telephone.

21. The unauthorized telephone calls made by Clear Rate, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Dembski's use and enjoyment of his landline phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

22. Seeking redress for these injuries, Dembski, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claim Arising From Calls Made by Clear Rate Agents**

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **<u>Do Not Call Registry Class</u>**: All persons in the United States who (1) Defendant (or a third person acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner

as Defendant claims it obtained prior express consent to call the Plaintiff.

24. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorney; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

25. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;

(b) whether Defendant's conduct constitutes a violation of the TCPA; and

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

28. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiffs.

Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Dembski and the Do Not Call Registry Class)**

29. Plaintiff repeats and realleges the paragraphs 1 through 28 of this Complaint and incorporates them by reference herein.

30. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

31.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[11]

32.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

33.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

34.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not

---

[11] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

11

wish to receive telephone solicitations that is maintained by the federal government.

35.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

36.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorney as Class Counsel;

b)  An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Class;

c)  An order declaring that Defendant's actions, as set out above, violate the

TCPA;

d)  An order requiring Defendant to disgorge any ill-gotten funds acquired as a

result of their unlawful telephone calling practices;

e)  An injunction requiring Defendant to cease all unsolicited calling activity,

and to otherwise protect the interests of the Class; and

f)  Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

*/s/ Stefan Coleman*

By:  Stefan Coleman
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
Email: law@stefancoleman.com
*Attorney for Plaintiff and the putative Class*

*/s/ George T. Blackmore*

By:  George T. Blackmore (P76942)
BLACKMORE LAW PLC
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
Telephone: (248) 845-8594
Facimile: (855) 744-4419
E-Mail:george@blackmorelawplc.com
*Local Counsel for Plaintiff and the putative*

Dated: August 22, 2018          *Class*