UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED DEMBSKI,

        Plaintiff,                               Case No. 18-cv-12622
                                                  Hon. Mark A. Goldsmith

vs.

CLEAR RATE COMMUNICATIONS,
INC.,

        Defendant.
_____/

## OPINION & ORDER
## GRANTING PLAINTIFF'S MOTION REGARDING SEQUENCING CLASS CERTIFICATION AND DISPOSITIVE MOTIONS (Dkt. 20) AND DENYING AS MOOT DEFENDANT'S MOTION TO STAY DISCOVERY, FOR A PROTECTIVE ORDER, AND TO QUASH THIRD-PARTY SUBPOENAS (Dkt. 22)

       This case alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff Fred Dembski claims that Defendant Clear Rate Communications, Inc. placed unwanted calls to him and other individuals on the Do Not Call Registry, in violation of the TCPA. The parties dispute whether the schedule in this case should first allow for Clear Rate to file a motion for summary judgment based on a "safe harbor" defense to the TCPA, or whether the Court should first consider a class certification motion. Clear Rate has also filed a motion requesting that the Court stay discovery pending the resolution of this issue (Dkt. 22).

       Clear Rate argues that it can avoid liability under the TCPA's "safe harbor" defense, and therefore asks that the Court (1) limit initial discovery to this issue, and (2) allow Clear Rate to file a dispositive motion on its safe harbor defense, before the Court allows the parties to engage in class discovery. Def. Resp. to Pl. Mot. Re Sequencing at 1-2 (Dkt. 21). It contends that allowing Dembski to take discovery on class-wide issues could involve tens of millions of call records, which would force the parties to incur substantial discovery costs, and that it would be more efficient to limit discovery to the discrete and dispositive issue of the "safe harbor" defense. Id. at

1

8. Dembski argues that there is substantial overlap between "safe harbor" discovery and class discovery, and that Clear Rate's anticipated summary judgment motion is unlikely to resolve this case. Pl. Resp. to Def. Mot. at 1 (Dkt. 25).

In order to prevail on its safe harbor defense, Clear Rate would need to show that (1) the violation of the requirement to honor the do-not-call registration was the result of error, and (2) that part of its routine business practice, it meets certain standards as to its written procedures, personnel training, recording, and accessing the national do-not-call database. 47 C.F.R. § 64.1200(c)(2)(i). The parties' dispute centers around this first requirement; i.e., what Clear Rate would need to show in order to prove error.

Clear Rate points to Simmons v. Charter Communications, Inc., 222 F. Supp. 3d 121, 135 (D. Conn. 2016), where the court held that "[a] party can support a claim of error by showing that the telephone solicitation was made unintentionally." One way to do so is "to show the 'procedural breakdowns that led to such calls, as well as the steps that the seller has taken to minimize future errors.'" Id. (quoting In re Dynasty Mortg., LLC, 20 F.C.C. Rcd. 4921, 4929-4930 (2005)). Clear Rate argues that a defendant can avoid liability by showing that it took sufficient steps to comply with the safe harbor provisions; as such, this issue involves limited discovery and is case dispositive. Def. Resp. to Pl. Mot. at 10.

Dembski also relies on Simmons, but argues that "error" turns on whether Clear Rate knew or should have known that it was calling a number on the Do Not Call list. Pl. Resp. to Mot. at 8-9 (Dkt. 25). Because Dembski himself allegedly advised the caller that he was on a Do Not Call list on the first of five calls he received, he argues that this precludes a finding as a matter of law that subsequent calls were made in "error." Id. at 9; see also Compl. ¶¶ 14-18 (alleging calls were made to Dembski even after he told the agent he was registered on the Do Not Call list).

The Court finds that bifurcation of discovery is unnecessary. The court in Simmons allowed that "[o]ne method" of showing that a call was made in error was to show procedural

2

breakdowns that led to the calls, but then went on to say that "it is not clear that procedural breakdown is the sine qua non of the safe harbor provision." 222 F. Supp. 3d at 135. And the court was clear that "a party could not claim 'error' simply by showing that it 'meets all other safe harbor criteria[.]'" Id. (quoting Dynasty, 20 F.C.C. Rcd. at 4929). As such, a summary judgment motion on the issue of a "safe harbor" may not resolve the case as easily Clear Rate believes, and discovery related to this issue may not be as limited, either.

Further, Dembski's arguments regarding overlap between class discovery and merits discovery likely mean that bifurcating discovery would lead to future motion practice before the Court regarding the scope of any discovery taken. Thus, the Court finds that proceeding with the schedule as outlined in the Scheduling Order (Dkt. 17) promotes judicial efficiency and a prompt resolution of this case.

Dembski's motion regarding sequencing and class certification (Dkt. 18) is granted, and Clear Rate's request for a stay on class discovery (as raised in the response to Dembski's motion) is denied. As Clear Rate's motion to stay discovery, for a protective order, and to quash third party subpoenas (Dkt. 22) requests "a protective order staying all discovery and quashing the third-party subpoenas until such time that the Court has an opportunity to issue a decision on the pending sequencing motion and Clear Rate's request for a stay on class discovery," that motion is now denied as moot.

SO ORDERED.

Dated: May 1, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge